IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
APR 19 2018
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DANIEL BROWN, Defendant. | CR 14–27–M–DLC–2 ORDER |

Before the Court is Defendant Daniel Brown's ("Brown") Motion to Amend Post-Sentencing Detention Order (Doc. 536). On April 12, 2018, Brown was sentenced to 132 months' imprisonment after pleading guilty to Conspiracy to Distribute Child Pornography in violation of 18 U.S.C. § 2252(a)(2), (b)(1) and § 2253(a). (Doc. 537 at 2.) At the conclusion of the sentencing hearing, Brown requested that he be allowed to self-surrender for service of his sentence at the institution designated by the BOP. Brown's primary reason for this request was that his mother, April Brown ("April"), had driven him to his sentencing hearing from their home in South Carolina and could not make the return trip alone owing to her serious health problems. Despite Brown's request, the Court remanded him to the custody of the United States Marshal at the conclusion of the hearing,

-1-

finding that Brown had not clearly shown exceptional reasons which make his immediate detention unreasonable as required by 18 U.S.C. § 3145(c). Brown's Motion re-articulates the reasons he gave during the sentencing hearing supporting his request to self-report. For the following reasons, the Court will deny Brown's Motion.

Title 18 U.S.C. § 3145(c) establishes that Brown must show by clear and convincing evidence that exceptional reasons make his detention unreasonable. "A wide range of factors may bear upon the analysis." *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003). "By adopting the term 'exceptional reasons,' and nothing more, Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad 'experience with the mainsprings of human conduct.'" *Id.* (quoting *Mozes v. Mozes*, 239 F.3d 1067, 1073 (9th Cir. 2001)). In light of Brown's request, and in order to shed some light upon the exercise of this Court's discretion in denying Brown's request during his sentencing hearing and reaffirming that decision here, the Court will articulate the reasons for so doing. First, while the Court is sympathetic to April's plight, Brown had fair warning that he would be remanded to the custody of the United States Marshal at the conclusion of his sentencing and should have planned for that contingency. Second, and more importantly, it is the

experience of the Court that defendants such as Brown are at a high risk of suicide. To exacerbate this concern, Brown's presentence investigation report indicates that Brown has been partially susceptible to suicidal ideation in the past. (Doc. 535 at 30.) While Brown has offered good reason for his request, after considering the "totality of the circumstances," the Court is not convinced that Brown's unusual circumstances make his immediate remand for incarceration unreasonable. *Garcia*, 340 F.3d at 1019. Accordingly,

IT IS ORDERED that Brown's Motion to Amend Post-Sentencing Detention Order (Doc. 536) is DENIED.

DATED this 19th day of April, 2018.

Dana L. Christensen, Chief Judge
United States District Court